**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA,
the States of CALIFORNIA, COLORADO,
DELAWARE, FLORIDA, GEORGIA,
HAWAII, ILLINOIS, INDIANA, IOWA,
LOUISIANA, MARYLAND, MICHIGAN,
MINNESOTA, MONTANA, NEVADA,
NEW JERSEY, NEW MEXICO, NEW
YORK, NORTH CAROLINA,
OKLAHOMA, RHODE ISLAND,
TENNESSEE, TEXAS, VERMONT, and
WASHINGTON, the Commonwealths of
MASSACHUSETTS and VIRGINIA, and
THE DISTRICT OF COLUMBIA,

C.A. No. 0:22-60160-RAR

                Plaintiffs,

*ex rel.* PATRICIA CROCANO,

                Plaintiff-Relator,

v.

TRIVIDIA HEALTH, INC.,

                Defendant.

**REPLY TO DEFENDANT'S RESPONSE
IN OPPOSITION TO RELATOR'S
MOTION FOR LEAVE TO SERVE
SUBPOENAS *DUCES TECUM***

Defendant Trividia Health, Inc. (Trividia) does not deny Plaintiff States' Medicaid programs paid for Trividia test strips, including test strips Relator alleges were defective. Trividia opposes the motion for leave, however, even though the motion would impose no burden whatsoever on Trividia. Trividia seeks to leverage a narrow technicality in which most states require legal process to give Plaintiff-Relator Patricia Crocano (Relator) access to claims data they compiled specifically in response to Relator's allegations to argue for dismissal based on failure to allege their Medicaid programs paid for Trividia test strips with sufficient particularity—even if Trividia knowingly sold adulterated glucose test strips.

To that end, Trividia argues Relator has not demonstrated good cause for leave to issue the requested subpoenas because she has not sought a preliminary injunction, because this case has been stayed, because the scope of discovery Relator requests is overbroad, because it would impose burdens on the Plaintiff States and Trividia, and because Relator's purpose in seeking the discovery lacks "impelling urgency" or contravenes the purpose of Rule 9(b) of the Federal Rules of Civil Procedure.  Trividia is mistaken regarding each argument.

**1.      Trividia's preoccupation with preliminary injunctions is irrelevant.**

Requests for a preliminary injunction may provide good cause for expedited discovery, because there may be an immediate need for interim relief.  *Frugality Inc. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 1:21-cv-23025-BB, 2021 WL 4077954, at *2 (S.D. Fla. Sept. 7, 2021).  This case concerns past conduct, however, so Relator's motion stated the "preliminary injunction factor is not relevant in this case."  Mot. Leave 6, ECF No. 88.

In response, Trividia declares "the opposite is true."  Resp. Opp'n Mot. Leave 6, ECF No. 90.  But Trividia presents no legal argument explaining why "the opposite" should be true—why inapplicability of injunctive relief should weigh against expedited discovery even if other factors provide good cause for it.  Instead, Trividia relies on italicized boldface emphasis of a phrase in an Advisory Committee Note to Rule 26 that does not support Trividia's position: expedited discovery "will be appropriate in some cases[,] such as those involving requests for [a] preliminary injunction or motions challenging personal jurisdiction."  *Id.*

"Such as" is an idiom meaning "of the specified kind" that is "used to introduce an example or series of examples" describing the "specified kind."  *Such as*, Merriam-Webster's Collegiate Dictionary (11th ed. 2003), https://unabridged.merriam-webster.com/collegiate/such%20as.  "Some cases, such as" followed by examples means nonexclusive examples.  Trividia asks the Court to ignore this plain meaning to instead apply the maxim of *expressio unius est exclusio*

*alterius* to an Advisory Committee Note regarding a rule of procedure to exclude expedited discovery all situations except for the two examples the Note qualifies with "some cases, such as." Trividia does not explain why the Court should do so when determining "good cause" for expedited discovery is a matter of judicial discretion, not construction of a rule. *See Tracfone Wireless, Inc. v. Adams*, 304 F.R.D. 672, 673 (S.D. Fla. 2015) (concluding "[c]ontrol of discovery is committed to the sound discretion of the trial court" and "[t]he Court has 'broad discretion' in the scheduling of discovery" (quoting *Williamson v. U.S. Dep't of Ag.*, 815 F.2d 368, 373 (5th Cir. 1987) & *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001))). Fundamentally, Defendant's preoccupation with preliminary injunctions confuses good cause with a nonexclusive list of five factors commonly enumerated to guide a court's discretion. *See Attkisson v. Holder*, 113 F. Supp. 3d 156, 162 (D.D.C. 2015) (explaining "[c]ourts are not limited to these factors, but the factors provide 'guidelines for the exercise of the Court's discretion'").

## 2. If Trividia really means to argue that refiling the motion for leave "skirts" the Court's order staying this case for 60 days, it is judicially estopped from doing so.

This case was transferred to this Court on January 22, 2022. Text Order Transferring Venue, ECF No. 64. The Court held a telephonic status conference with the parties on January 24, 2022. Minute Entry, ECF No. 72. At the conference, the Court noted there were four motions, including the instant motion for leave, pending before this case was transferred to the Southern District of Florida. Status Conf. Tr. 6:8–14, ECF No. 89. Regarding this motion, Relator's counsel suggested it was not necessary to refile the briefing and that the Court could rule on the pretransfer briefing, even though the parties had agreed to refile in a stipulation regarding transfer from South Carolina to Florida. Tr. 14:9–20. In response, Trividia's counsel argued this motion "should be denied without prejudice to refiling" because briefing based on Eleventh Circuit caselaw was needed and because that is what the parties agreed to in the stipulation. Tr. 16:1–8. The Court

agreed and stated it would deny the motion without prejudice to refiling, instructing the parties to "get your motions [filed] in the next few months." Tr. 17:19–25. The Court then entered a written order dismissing the motion for leave to issue subpoenas without prejudice and stayed this case for 60 days "to permit the parties to refile the motions listed above," including the motion for leave. Order, ECF No. 73. Relator refiled the motion for leave shortly thereafter.

In response, Trividia inexplicitly expresses outrage, bellowing in italicized boldface that the Court "*stayed this case until March 28, 2022*[,] *at a hearing attended by all parties*" and that the refiled motion "*seeks to skirt . . . this Court's own stay order*" because it seeks discovery while the case is stayed. Resp. Opp'n Mot. Leave 7. Trividia's argument is impossible to reconcile with the transcript of the status conference. Perhaps it manifests some confusion or misunderstanding among Trividia's counsel. To the extent Trividia sincerely means to make this argument, it is judicially estopped because it argued against Relator's request that the motion need not be refiled, and the Court agreed with Trividia and ordered it refiled in the period Trividia suggested. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position . . . .").

Moreover, Trividia's confused argument does not address Relator's actual point regarding the timing of the request for leave to issue subpoenas: In the absence of court orders superseding the default deadlines set forth in the Federal Rules of Civil Procedure, the Rule 26(f) conference in this case would already have happened and Relator would not need to refile a motion for leave to issue subpoenas. Mot. Leave 10. Thus, the requested subpoenas are "expedited" only to the extent the Rule 26(f) conference has been delayed and so they are not a departure from the "ordinary litigation procedure under Rule 26(d)." *Id.* Trividia appears to believe Relator is

4

unfairly complaining about delay in holding the Rule 26(f) conference even though she agreed to some delay.  But Relator is not complaining about any delay to which she agreed.  Relator merely points out that leave to issue a subpoena after the time when the Rule 26(f) conference ordinarily would have happened is not a departure from ordinary procedure regarding the timing of discovery.

**3.     The scope of the requested discovery is narrow.**

Relator believes a request for Medicaid claims data for nine specific National Drug Codes from 2013 to mid-2016 directed only to states that are parties to this action is narrow in scope. Relator believes this scope is narrow because it seeks information only from the Plaintiff States for which Relator asserts claims, only about the products that are the subject of those claims, and only during the period relevant to those claims.  Trividia's contrary argument just spells out and italicize the numbers of products, National Drug Codes, years, and Plaintiff States, to make them somehow seem larger than they are.  Resp. Opp'n Mot. Leave 8.

When objecting to the scope of the subpoenas Relator seeks leave to issue, Trividia's counsel states, "Curiously, copies of the proposed subpoenas are not attached to the Relator's motion, so assessment of this factor [scope of discovery sought] must be made from what the Relator states in her motion without the benefit of the actual discovery sought." *Id.* at 7.  This statement plainly suggests that if the Court were to grant Relator's motion, Relator's counsel would dishonestly issue unauthorized subpoenas beyond the scope of the Court's order.  This scurrilous suggestion is offensive.  The language of the subpoenas Relator seeks leave to issue is unambiguously stated in the introduction and the conclusion on the motion for leave.  Mot. Leave 3, 10.  No useful purpose would be served in downloading Form AO 88B from the Court's website and then electronically filing 28 copies of the same form as exhibits to the motion.

**4.     Trividia lacks standing to object to any purported burden on Plaintiff States and the requested discovery would not burden Trividia in any way.**

Trividia has no standing to object to the burden the subpoenas might impose upon the Plaintiff States.  *See Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) ("Defendants do not have standing to quash the subpoenas on the grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds.").  Trividia argues *Auto-Owners Insurance* is inapposite because it concerned a Rule 45 motion to quash a third-party subpoena, not a Rule 26 motion for leave to issue a third-party subpoena.  Resp. Opp'n Mot. Leave 7 n.1.   Trividia tellingly fails to address Relator's argument on this precise point, that it "would be illogical to hold Trividia has standing to object to a motion for leave to issue a subpoena based on burden on the subpoenaed party when it would not be able to object to the subpoena on that basis once issued."  Mot. Leave 8.  Trividia does not explain why it should be allowed to oppose Relator's motion for leave to issue third-party subpoenas based on imagined burdens on unobjecting third parties when it could not move to quash the subpoenas on that basis.   Nor have Courts applying *Auto-Owners Insurance* found any basis for such a distinction.   *E.g.*, *Lesniak v. Geico Gen. Ins. Co.*, No. 2:19-cv-494-FtM-60MRM, 2020 WL 5878022, at *4 (M.D. Fla. Apr. 17, 2020) (relying on *Auto-Owners Insurance* to hold a party has no standing to seek a Rule 26 protective order regarding a third-party subpoena based on burden to the unobjecting third party).

Recognizing this, Trividia's also argues "it is impossible to know whether all states would not object to the subpoenas" because they have not been served subpoenas.  Resp. Opp'n Mot. Leave 7 n.1.  Plaintiff States were served the motion for leave to issue subpoenas when it was first filed in the District of South Carolina.  Relator's Certificate of Service, ECF No. 88-1.  No Plaintiff

State communicated any objection to Relator, much less filed an objection.  Plaintiff States are not being coy about their objections.  They have not objected because they do not object.

Trividia further complains Relator provides no support for the assertion that the data sought has already been compiled, even though no Plaintiff State disputed Relator's representation in the first-filed motion, which was served upon them, that the requested data "has already been complied."  *See* Mot. Leave, ECF No. 44 at 1.  If the data were not already compiled or would otherwise be a burden to produce, the attorneys for the Plaintiff States would have said so.

Finally, Trividia's argument that the subpoenas would impose a burden on Trividia is simply untrue.  There is no requirement that Trividia review anything.  The subpoena response would not even be provided to Trividia unless and until Trividia requests it.  Trividia states it "will file a motion to dismiss all counts challenging the legal sufficiency of the complaint."  *Id.* at 8. Trividia does not need to review inter-Plaintiff fact discovery to make a Rule 12 motion in response to that pleading.  As Trividia itself points out, a Rule 12 motion tests the legal adequacy of complaint allegations, not their factual support.  *Cf. Schmucker v. Johnson Controls, Inc.*, 90 F. Supp. 3d 786, 790 (N.D. Ind. 2015) ("[B]ecause a motion to dismiss tests the legal adequacy of a complaint, not its factual support, a court is limited in the materials it can rely on in resolving such a motion.").

5. **The purpose of the requested discovery is proper and is a compelling reason to grant Relator's motion.**

Trividia argues Relator's purpose in requesting leave to issue subpoenas to Plaintiff States—to prevent state-specific administrative requirements for the disclosure of information from potentially blocking the Court from reaching serious allegations of precisely the type of fraud the False Claims Act was intended to reach—is insufficient justification for leave to issue subpoenas for two reasons.  First, Trividia argues good cause requires "some impelling urgency

7

which necessitates action forthwith." Resp. Opp'n Mot. Leave 8–9. Second, Trividia argues it is improper to seek discovery to cure a pleading issue, especially an issue involving Rule 9(b). *Id.* at 10–11. Neither argument is correct.

Trividia quotes the "impelling urgency which necessitates action forthwith" language from an unreasoned magistrate judge opinion *Ghaffari v. Collins Tower Ass'n*, No. 13-21037-CIV, 2013 WL 12141254 (S.D. Fla. June 18, 2013), which in turn quotes it from the two-paragraph opinion in *GE Seaco Servs., Ltd. v. Interline Connection, N.V.*, No. 09-23864-CIV, 2010 WL 1027408 (S.D. Fla. Mar. 18, 2010), which quotes the source of the language, *K. J. Schwartzbaum, Inc. v. Evans, Inc.*, 279 F. Supp. 422, 424 (S.D.N.Y. 1968). *K.J. Schwartzbaum* concerned an ex parte application by the plaintiff to take the defendant's deposition before the defendant was served with the complaint or had the opportunity to retain an attorney. 279 F. Supp. at 423. The Federal Rules of Civil Procedure at that time allowed a party to take a deposition within 20 days of the filing of an action with leave of the court. *Id.* The Court noted the purpose of the 20-day period was to allow a defendant to retain counsel and therefore leave to take an earlier deposition should be restricted to emergency situations "which ordinarily serve as the basis for the granting of all ex parte orders, such as a showing of some impelling urgency which necessitates action forthwith and excuses giving notice to the other party." *Id.* at 423–24.

Trividia's discussion of the *GE Seaco Services v. Interline Connection, N.V.*, which brought the language from *K.J. Schwartzbaum* into the Southern District of Florida, is misleading. In *GE Seaco Services*, the issue was not some metaphorical concept of "traction" or "first base." *See* No. 09-23864-CIV, 2010 WL 1027408, at *1 (S.D. Fla. Mar. 18, 2010). The plaintiff sought discovery from third-parties purportedly to locate the defendant so it could be served. *Id.* As in *K.J. Schwartzbaum*, this discovery would be ex parte. *Id.* As in *K.J. Schwartzbaum*, the *GE Seaco*

*Services* court held an ex parte application for discovery required some "impelling urgency" justifying the lack of notice.  *Id.*  Further, although unstated in the brief, two-paragraph order, the *GE Seaco Services* court certainly was reluctant to open a Pandora's Box allowing a purported inability to locate a defendant to justify ex parte discovery prior to service of the complaint.  These cases stand only for the proposition that ex parte discovery at the outset of an action, before the start of discovery and even before service of the complaint, generally requires some sort of emergency for justification.

Trividia next argues that it is improper to seek early discovery to cure a pleading issue: "A Relator is not permitted to file suit and ask questions later."  Resp. Opp'n Mot. Leave 10.  This argument fails for at least three reasons.

*First*, Trividia attempts to cast Relator's request as an effort to "save" her pleading, Resp. Opp'n Mot. Leave at 10, but that is not correct.  The fraud alleged is Trividia's knowing dissemination of a defective, adulterated, misbranded product into the stream of commerce knowing government healthcare programs would comprise the bulk of payors.  The Amended Complaint offers a detailed, first-hand account of that fraud providing "facts as to time, place, and substance of the defendant's alleged fraud," *cf. U.S. ex rel. Clausen v. Lab'y Corp. of Am.*, 290 F.3d 1301, 1308 (11th Cir. 2002), and facts showing a nexus between the Trividia's conduct and the submission of a false claim sufficient under the cause-to-be-presented clause of the False Claims Act, *see Ruckh v. Salus Rehab., LLC*, 963 F.3d 1089, 1107 (11th Cir. 2020).  The Amended Complaint therefore suffices under Rules 8 and 9 of the Federal Rules of Civil Procedure.  Yet Trividia nevertheless seeks to maintain a legal fiction whereby it can contest the sufficiency of Relator's allegations regarding a fact that is not in genuine dispute: that Medicaid programs paid for Trividia test strips from 2013 to 2016  But the Court need not allow this case to fall into months

of briefing and argument over undisputed and already proven facts.  By allowing Relator to obtain the Medicaid claims data compiled in response to Relator's complaint, the Court can concentrate on the actual dispute before it—whether Trividia whether knowingly sold defective test strips.

*Second*, even if the Amended Complaint must be further amended regarding Medicaid claims to satisfy Rule 9(b)—a point Relator does not concede but an argument Relator seeks to avoid—courts do allow early discovery to cure pleading issues.  For example, courts allow limited expedited discovery to identify John Doe defendants, who would then be named in an amended pleading.  *See, e.g.*, *Gutierrez v. Martinez*, No. CV L-12-18, 2012 WL 13149228, at *2 (S.D. Tex. Mar. 12, 2012) (allowing expedited discovery from the United States to identify John Doe U.S. Marshals alleged to have violated the plaintiff's civil rights); *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 555 (N.D. Ill. 2011) (allowing expedited discovery from the City of Chicago to identify John Doe police officers alleged to have violated the plaintiff's civil rights).  Similarly, courts have favored limited expedited discovery to meet Rule 9(b) requirements in False Claims Act cases.  *See, e.g., Clausen*., 290 F.3d at 1314 n.25 (suggesting that Clausen could and should have satisfied Rule 9(b) by obtaining billing information from the Government); *see U.S. ex rel. Ruckh v. Genoa Healthcare Consulting, LLC*, No. 8:11-cv-1303-T-23TBM, 2013 WL 12172625, at *3 (M.D. Fla. Mar. 5, 2013) (dismissing without prejudice and authorizing limited discovery culminating in the filing of an amended complaint to allow plaintiff to identify a false claim); *United States ex rel. Underwood v. Genentech, Inc.*, 720 F. Supp. 2d 671, 680 (E.D. Pa. 2010) (Rule 9(b) did not bar relator from using information the government obtained during its investigation and shared with relator in order to amend complaint).

*Third*, Trividia's argument that "Rule 9(b)'s requirements also serve the purpose of preventing exactly what the Relator seeks here" rests on cases having nothing to do with what

Relator seeks here.  These cases concern protecting defendants from needless, expensive discovery.  Trividia's quote from *United States ex rel. Atkins v. McInteer* that "Rule 9 is a nullity if Plaintiff gets a ticket to the discovery process without identifying a single claim" is particularly telling.  470 F.3d 1350, 1359 (11th Cir. 2006).  In *Atkins* that statement is immediately followed by an explanation that the discovery process for which a plaintiff should not get a "ticket" without meeting Rule 9(b)'s particularity requirement is expensive fact discovery directed to the defendant. *Id.* at 1359–60.  The reasoning is that Rule 9(b) protects defendants against "strike suits"—lawsuits of questionable merit filed to gain a settlement based on the cost of defending the suit rather than the merit of the claims.  This has no relevance to the instant motion because no discovery is sought from Trividia.  There is no cost to Trividia.  There is no disruption to Trividia's business.  The only thing sought is legal authorization to transfer information from certain Plaintiff States to the Relator prosecuting those Plaintiff States' claims.

*        *        *

For the foregoing reasons and those previously set forth in Relator's motion, the Court should grant Relator's motion for leave to issue subpoenas *duces tecum* to the Plaintiff States.

Respectfully submitted by,

s/
**FREIDIN BROWN P.A.**
Philip Freidin
FL Bar No: 118519
pf@fblawyers.net
Jonathan E. Freidin
FL Bar No: 98955
jf@fblawyers.net
Whitney M. Untiedt
FL Bar No: 15819
wmu@fblawyers.net
One Biscayne Tower
2 South Biscayne Boulevard, Ste. 3100
Miami, Florida 33131
Tel: 305-371-3666

Fax: 305-371-6725

Richard A. Harpootlian (*pro hac vice*)
Phillip D. Barber (*pro hac vice*)
**RICHARD A. HARPOOTLIAN, P.A.**
1410 Laurel Street
Post Office Box 1090
Columbia, SC 29202
Telephone: (803) 252-4848
Facsimile: (803) 252-4810
rah@harpootlianlaw.com
pdb@harpootlianlaw.com

**GUTTMAN, BUSCHNER**
**& BROOKS PLLC**
Reuben A. Guttman (*pro hac vice*)
rguttman@gbblegal.com
Traci L. Buschner (*pro hac vice*)
tbuschner@gbblegal.com
2000 P Street, N.W., Suite 300
Washington, DC 20036
Tel: 202-800-3001
Fax: 202-827-0041

*Attorneys for Relator*

February 23, 2022
Miami, Florida.