**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CV-60160-RAR**

**UNITED STATES OF AMERICA,**
*ex rel.*, **PATRICIA CROCANO**,

    Plaintiff-Relator,

v.

**TRIVIDIA HEALTH INC.,**

    Defendant.
_____/

**ORDER GRANTING RELATOR'S MOTION FOR**
**LEAVE TO SERVE SUBPOENAS *DUCES TECUM***

**THIS CAUSE** comes before the Court upon Relator's Motion for Leave to Serve Subpoenas *Duces Tecum* ("Motion") [ECF No. 88], filed on February 2, 2022.[1] Under Federal Rule of Civil Procedure 26(d)(1), a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." "Federal courts allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where the party establishes 'good cause' for such discovery." *Tracfone Wireless, Inc. v. Adams*, 304 F.R.D. 672, 673 (S.D. Fla. 2015); *see also FTC v. On Point Glob. LLC*, No. 19-25046, 2020 WL 32996, at *1 (S.D. Fla. Jan. 2, 2020) ("The Eleventh Circuit has not adopted a standard for allowing expedited discovery. However, many district courts within the Eleventh Circuit have expressly used a general good cause standard when confronted with expedited discovery requests." (collecting cases)). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.*

---

[1] The Motion is fully briefed. *See* [ECF Nos. 90, 91].

Factors courts have considered in deciding whether a party has shown good cause include: (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made. *St. Jude Med. S.C., Inc. v. Biosense Webster Inc.*, No. 13-333, 2013 WL 1502184, at *1 (M.D. Fla. Apr. 12, 2013) (citing *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 6 (D.D.C. 2006)); *see also Attkisson v. Holder*, 113 F. Supp. 3d 156, 162 (D.D.C. 2015) ("Courts are not limited to these factors, but the factors provide 'guidelines for the exercise of the Court's discretion.'"). The Court finds these factors persuasive. And despite the absence of a request for preliminary injunctive relief, on balance, these five factors weigh in favor of Relator.[2]

*As to the second factor*, the breadth of the proposed discovery is narrow. Relator articulates a clearly defined set of claims data concerning specific products manufactured by Defendant over a discrete period.

*As to the third factor*, Relator has good reason for seeking the data. This case has been pending for more than five years. The United States Government and Plaintiff States took their time before declining to intervene, one amended complaint has already been filed, and the case has been transferred to this district from South Carolina and essentially rebooted. The Court has

---

[2] Defendant's opposition to the Motion rests heavily on recitations of dates and numbers, presented in bold and/or italic typeface for emphasis, largely deficient as to legal support or factual analysis. Defendant even argues that the Court should somehow disfavor Relator's Motion because it was filed during a stay of the case—a stay issued for the *express purpose* of allowing the parties to refile the Motion and other pleadings pending when this case was transferred. Resp. [ECF No. 90] at 6–7; Status Conference Tr. [ECF No. 89] at 6:8–14. On this point, Relator's Reply, [ECF No. 91] at 3–5, is sufficiently scathing to obviate the need for any further comment by the Court. Going forward, all counsel are advised that the Court has little patience for frivolous arguments.

no interest in allowing this case to continue spinning its wheels. By seeking the data, Relator helps prevent further delay.

*As to the fourth factor*, the requested subpoenas are directed at Plaintiff States and thus impose no direct burden on Defendant.

*Finally, as to the fifth factor*, the unique timeline of this case renders Relator's request reasonable. Rule 26(d) authorizes discovery once the parties have conferred as required by Rule 26(f). Unless otherwise ordered by the Court, the Rule 26(f) conference must occur at least twenty-one days before a scheduling order is due under Rule 16(b), which, in turn, is due "the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Defendant was served on November 30, 2021, *see* [ECF No. 46], and counsel appeared for Defendant on December 21, 2021, *see* [ECF Nos. 49–51]. Thus, in the absence of contrary court orders, discovery in this case would have begun no later than January 31, 2022—before Relator refiled the instant Motion. Indeed, the requested discovery would be expedited only to the extent that the Rule 26(f) conference has been delayed.

Because Relator has established good cause for expedited discovery, it is hereby

**ORDERED AND ADJUDGED** that Relator's Motion [ECF No. 88] is **GRANTED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 1st day of March, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**